392 U.S. 923
 88 S.Ct. 2293
 20 L.Ed.2d 1383
 John William BUTENKO, petitioner,
v.
UNITED STATES.
 No. 1007, Misc.
 Supreme Court of the United States
 June 17, 1968
 
 1
 Solicitor General Griswold, Assistant Attorney General Yeagley, Kevin T. Maroney, and Lee B. Anderson, for the United States.
 
 
 2
 Motion for leave to proceed in forma pauperis and petition for writ of certiorari to the United States Court of Appeals for the Third Circuit granted. Case transferred to the appellate docket and placed on the summary calendar. This case is set for oral argument immediately following the reargument in No. 133. The grant of certiorari in this case is limited to the following questions:
 
 
 3
 On the assumption that there was electronic surveillance of petitioner or a codefendant which violated the Fourth Amendment,
 
 
 4
 (1) Should the records of such electronic surveillance be subjected to in camera inspection by the trial judge to determine the necessity of compelling the Government to make disclosure of such records to petitioner, and if so to what extent?
 
 
 5
 (2) If in camera inspection is to be authorized or ordered, by what standards (for example, relevance, and considerations of national security or injury to persons or reputations) should the trial judge determine whether the records are to be turned over to the defendant?
 
 
 6
 (3) What standards are to be applied in determining whether petitioner has standing to object to the use against him of information obtained from such illegal surveillance? More specifically, if illegal surveillance took place at the premises of a particular defendant,
 
 
 7
 (a) Does that defendant have standing to object to the use against him of any or all information obtained from the illegal surveillance, whether or not he was present on the premises or party to the overheard conversation?
 
 
 8
 (b) Does a codefendant have standing to object to the use against him of any or all information obtained from the illegal surveillance, whether or not he was present on the premises or party to the overheard conversation?
 
 
 9
 Mr. Justice MARSHALL took no part in the consideration or decision of this motion and petition.